UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SAINT TORRANCE, *a.k.a.*, | : | Case No. 1:06-cv-490 |
| TORRANCE D. SMITH, | : | |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| SELECT PORTFOLIO | : | |
| SERVICING, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**[1] **THAT DEFENDANTS' MOTION TO DISMISS (Doc. 5) BE GRANTED AND THIS CASE BE CLOSED**

Plaintiff initiated this action on August 1, 2006 by filing a *pro se* complaint against defendants Select Portfolio Servicing, Inc. ("SPS") and the Westwood Civic Association alleging "Bankruptcy Violations" under 28 U.S.C. § 524.  (Doc. 3.)

Now before the Court is defendant SPS's motion to dismiss the complaint for failure to state a claim upon relief can be granted, and, in the alternative, a motion for a more definite statement.  (Doc. 5).

**I**.

According to the complaint, plaintiff was the owner/mortgagee of property located on Westwood Northern Boulevard in Cincinnati, Ohio.  (Doc. 3, ¶ 1.)  In 2001, plaintiff alleges that he became insolvent and that his referenced property went into foreclosure.

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

(*Id*. at ¶ 2.)  SPS was the mortgagor of the property and filed a foreclosed proceeding against plaintiff in May 2001.  A sheriff's sale was held in June 2002, whereupon SPS "bought back" the property.  (*Id*. at ¶ 4.)  Plaintiff filed for bankruptcy in September 2002, and SPS became a creditor in the bankruptcy action.  (*Id*. at ¶¶ 6-7 .)  Plaintiff asserts that SPS did not transfer the title to the property out of plaintiff's name until November 3, 2003.  Accordingly, plaintiff asserts that SPS's alleged failure to "transfer" title to the real property within a reasonable period constituted a "bias towards plaintiff's 'fresh start rule'."  (*Id.* at ¶ 14.)

Plaintiff alleges that defendant's actions caused him "a matter of great deal of pain and redress of his of mental condition.  (*Id*. at ¶ 16.)  Plaintiff is seeking $500,000 in compensatory damages and $1,000,000 in punitive damages.

## II.

In ruling on a motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff.  *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Because plaintiff brings this case *pro se*, the Court construes the allegations very liberally.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992).  Indeed, "a pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106).

However, the Court "need not accept as true legal conclusions or unwarranted factual inferences," *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and "*pro se* litigants are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims, and summary judgment." *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993).

## III.

Defendant SPS asserts that even accepting all of plaintiff's allegations as true, his complaint does not allege facts sufficient to state a claim under any cognizable legal theory.  The undersigned agrees.

Here, plaintiff's complaint alleges that the deed was not "transferred" from plaintiff's name until November 3, 2003.  (Doc. 3. ¶ 4-5).  However, as noted by SPS, the docket in the case of *Equicredit Corp. v. Torrence Smith et al.*, Case No. A01-02974, Hamilton County Court of Common Pleas (the "Foreclosure Case"), establishes that SPS purchased at a foreclosure sale certain real property that was formerly owned by plaintiff. The last order in the Foreclosure Case is a Decree Ordering Transfer of Title dated November 3, 2003, suggesting that any action in November of 2003 was timely based on the Court's Order.

Nonetheless, plaintiff argues that his Complaint states a claim under the "Fresh Start Rule" and 11 U.S.C. § 524 regarding the effect of a discharge in bankruptcy.  (*See* Doc. 7 at p. 3.)  However, SPS responds that it owed no actionable legal duty to plaintiff with regard to recording a property deed, and that the timing of the recording does not

constitute a violation of any bankruptcy law.

Generally, § 524 operates as an injunction against attempts to recover pre-petition obligations that have been discharged in a debtor's bankruptcy proceeding.  *See* 11 U.S.C. § 524(a).  Plaintiff's allegations regarding the timing of recording a deed cannot form the basis of a violation of § 524 because he makes no allegation that SPS attempted to collect or enforce a discharged obligation against plaintiff.

Moreover, there is no private right of action under § 524, and a debtor would have to enforce any alleged violation as a contempt proceeding in the underlying bankruptcy case.  *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421-23 (6th Cir. 2000).

Based on the foregoing, the undersigned finds that plaintiff's complaint should be dismissed pursuant to Fed.R. Civ. P. 12(b)(6).  Accordingly, it is therefore

**RECOMMENDED** that Defendants' motion to dismiss (doc. 5) be **GRANTED**, and this case be **CLOSED.**


Date: February 7, 2007                                    s/Timothy S. Black
                                                         Timothy S. Black
                                                         United States Magistrate Judge

-4-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAINT TORRANCE, *a.k.a.*,
TORRANCE D. SMITH,

      Plaintiff,                          Case No. 1:06-cv-490

      vs.                                Spiegel, J.
                                            Black, M.J.

SELECT PORTFOLIO SERVICING INC, *et al.*,

      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).