UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
SAINT TORRANCE, a/k/a          :
TORRANCE D. SMITH,             :   NO. 1:06-CV-00490
                               :
       Plaintiff,              :
                               :
                               :   OPINION AND ORDER
   v.                          :
                               :
                               :
SELECT PORTFOLIO SERVICING,    :
INC., et al.,                  :

       Defendants.
```

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Defendant Select Portfolio Servicing's motion to dismiss be granted (doc. 11). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety and GRANTS Defendant's motion to dismiss (doc. 5).

On August 6, 2006, Plaintiff Saint Torrance, a.k.a. Torrance D. Smith, filed a *pro se* Complaint against Defendants Select Portfolio Servicing, Inc. ("SPS") and Westwood Civic Association ("WCA") alleging "Bankruptcy Violations" under 28 U.S.C. § 524 (doc. 3). According to the Complaint, Plaintiff was the owner/mortgagor of property located on Westwood Northern Boulevard in Cincinnati, Ohio (doc. 3). After becoming insolvent in 2001, that property went into foreclosure (Id.). SPS was the mortgagee of the property and filed foreclosure proceedings against

Plaintiff in May 2001 (Id.). In June 2002, SPS re-purchased Plaintiff's property at a sheriff's sale (Id.). Plaintiff filed for bankruptcy in September 2002, and SPS became a creditor to the bankruptcy action at that time (Id.). Plaintiff asserts that the property deed remained in his name until November 3, 2003 (Id.). Plaintiff alleges that SPS's failure to transfer the title to the property within a reasonable period of time resulted in frustrating Plaintiff's fresh start (Id.)[1].

On August 21, 2006, SPS filed a Motion to Dismiss Pursuant to Rule 12(b)(6) and, in the Alternative, for a More Definite Statement (doc. 5). Plaintiff filed his Motion in Opposition to Defendant's Motion to Dismiss and a Motion to Amend his Complaint on September 12, 2006 (docs. 7, 8). SPS filed a response on September 25, 2006. The Magistrate Judge issued his Report and Recommendation February 7, 2007 (doc. 16). After this Court granted Plaintiff's Motion for Extension of Time to File Objections to the Report and Recommendation (doc. 12), Plaintiff filed an objection[2] to the Report and Recommendation on March 19,

---

[1] Plaintiff's Complaint also alleges that during the time period that the title remained in Plaintiff's name, WCA continuously sent him post cards despite notifying them that he no longer owned the property (doc 3). Plaintiff contends that WCA's actions also violated his rights as established by the fresh start rule. WCA, however, is not a part of this Motion to Dismiss.

[2] Plaintiff titled his motion a Motion for Reconsideration of the Court's Report and Recommendations of Dismissal and Request for Leave to Amend Complaint for a More Definite Statement (doc. 15). However, Plaintiff states that he filed his motion pursuant to Fed. R. Civ. P. 72(b) (Id.). Therefore, this Court will treat Plaintiff's Motion as an objection to the Magistrate Judge's Report and Recommendation.

2007 (doc. 15).

SPS's motion to dismiss is based on Plaintiff's failure to state a claim for which relief can be granted (doc 5). SPS first argues that Plaintiff failed to allege that SPS owed him a legal duty (Id.). Second, SPS argues that even had the company owed Plaintiff a legal duty to timely transfer the deed, SPS timely transferred the deed following a Decree Ordering Transfer of Title dated November 3, 2003 (Id.).

In opposition, Plaintiff alleges that because his Complaint arises under the "Fresh Start Rule" and 11 U.S.C. § 524, he does not have to identify a legal duty owed by Defendant (doc. 7). However, Plaintiff admits that the debtor-creditor relationship does not establish a general legal duty to timely record the deed (doc. 7).

The Magistrate Judge issued a Report and Recommendation finding Defendant's motion well-taken (doc. 16). After liberally construing Plaintiff's Complaint and reviewing the parties' arguments, the Magistrate Judge found that Plaintiff's Complaint failed to state a claim upon which relief can be granted (Id.). The Magistrate Judge reasoned that 11 U.S.C. § 524, on which Plaintiff bases his claims, operates as an injunction against attempts to recover pre-petition obligations that have been discharged in a debtor's bankruptcy proceeding and has nothing to do with the timing of the recording of a deed (Id.). Therefore

Plaintiff's allegations do not form a basis for a violation under § 524 (Id.). Additionally, because § 524 does not provide a private right of action, and because a debtor could only enforce an alleged violation in a contempt proceeding in the underlying bankruptcy action, relief cannot be granted under any of Plaintiff's claims (Id.).

In his objection, Plaintiff echos the claims laid out in his Complaint and argues that SPS's delay in transferring the deed harmed Plaintiff's credit thereby preventing him from investing, and from purchasing a home and a vehicle[3] (doc. 15). SPS responds by arguing that Plaintiff failed to allege that SPS attempted to collect or enforce a discharged obligation in violation of the Bankruptcy Code's fresh start principle, and that 11 U.S.C. § 524 does not provide for a private right of action (doc. 16).[4]

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. The Bankruptcy Code carefully balances the debtor's and creditor's interests. In offering the debtor a fresh start, the Code allows the debtor to receive a "'new opportunity in

---

[3] Plaintiff also attempts to add new claims that SPS improperly reported two separate accounts to credit reporting agencies which were owed by Plaintiff (doc. 15). Plaintiff failed to raise these issues in his Complaint and in his memorandum in opposition to SPS' motion to dismiss, therefore, Plaintiff waived his right to address them now. Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000).

[4] SPS additionally agues that Plaintiff should be prevented from raising new claims because they were waived. As the Court agrees with SPS, its argument does not need to be addressed.

4

life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt.'" 80 Am. Bankr. L.J. 327, 366 citing <u>Local Loan Co. v. Hunt</u>, 292 U.S. 234, 244 (1934). Section 524 operates as an injunction against creditors from commencing or continuing an action to recover a previously discharged debt. 11 U.S.C. § 524.

Plaintiff's allegations that SPS untimely recorded the transfer of the deed neither constitutes an interference with Plaintiff's ability to obtain a fresh start, nor violates § 524 because Plaintiff does not allege that SPS attempted to collect, or enforce a previously discharged obligation.[5] Additionally, Plaintiff does not allege that SPS owed him a legal duty to timely transfer the deed. Finally, § 524 does not provide a private right of action for which Plaintiff may recover. <u>See</u> <u>Pertuso v. Ford Motor Credit Co.</u>, 233 F.3d 417, 421-23 (6th Cir. 2000) (Finding that there is no statutory private right of action for damages under 11 U.S.C. § 524).

Having reviewed this matter <u>de novo</u> pursuant to 28 U.S.C. § 636(b), the COURT ADOPTS the Magistrate Judge's Report and

---

[5] Plaintiff cites two different dates in which SPS transferred the deed out of his name. In his Complaint, Plaintiff alleges that SPS transferred the deed on November 3, 2003, the same date the Court of Common Pleas on the foreclosure case issued a Decree Ordering Transfer of Title (docs. 3, 5). However, in his objection, Plaintiff alleges that the property was not transferred until July 12, 2004 (doc. 15). Regardless of the transfer date, Plaintiff has failed to establish a violation under § 524 or an interference with his ability to obtain a fresh start.

Recommendation (doc. 11) in its entirety, and therefore, GRANTS Defendant SPS's motion to dismiss (doc. 5).

SO ORDERED.

Dated: April 19, 2007            s/S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge